```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


NATHANIEL TURNER              :      CIVIL ACTION
                              :
          v.                  :
                              :
MICHAEL C. BARONE, et al.     :      NO. 09-955
```

<u>ORDER</u>

AND NOW, this 23rd day of February, 2010, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Docket No. 4) and the Response (Docket No. 24), and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Docket No. 26), and the petitioner's Objections thereto (Docket No. 31), IT IS HEREBY ORDERED that:

1.    The petitioner's Objections are OVERRULED.

2.    The Report and Recommendation is APPROVED and ADOPTED.

3.    The Petition for Writ of Habeas Corpus is DENIED.

4.    There is no basis for the issuance of a certificate of appealability.

The report and recommendation of Magistrate Judge Caracappa concludes that the petition for writ of habeas corpus in this case should be dismissed and denied.  Petitioner Nathaniel Turner has filed timely objections.

The report and recommendation found, and the petitioner does not contest, that the petition brings ten separate claims:

1.  Petitioner was denied a full and fair review on appeal;

2.  Trial court abused it's discretion in refusing counsel's request for a lineup;

3.  Trial counsel was ineffective for failing to address Ms. Potaet's identification of petitioner;

4.  Trial counsel was ineffective for failing to motion for the suppression of Ms. Potaet's identification of petitioner;

5.  Trial counsel was ineffective for advising petitioner not to testify;

6.  Trial counsel was ineffective for failing to object to the jury charge on accomplice liability;

7.  All prior counsel were ineffective for failing to raise a claim that the police's initial stop of petitioner lacked probable cause;

8.  All prior counsel were ineffective for failing to investigate the petitioner's injury;

9.  Appellate counsel was ineffective for failing to file a petition for allowance of appeal to the Supreme Court of Pennsylvania; and

10. Ineffective assistance of counsel because of all the errors in the previously listed claims.

Of these claims, the report and recommendation finds that six -- claim two and claims five through nine -- are procedurally defaulted.  This Court agrees.  As set out in the report and recommendation, none of these six claims or their substantial equivalent was fairly presented in state court at both the trial and appellate levels.  Because the time limit for

presenting these unexhausted claims has now expired, these claims are defaulted on the basis of an independent and adequate state procedural rule. The petitioner has not shown, either in his petition or his objections, that this procedural default can be excused, because he has not shown cause for the default and actual prejudice or demonstrated that failure to consider the claims would result in a fundamental miscarriage of justice.

The report and recommendation finds that two of the petitioner's claims -- claims three and four -- have been properly exhausted and can be considered on the merits. These claims concern alleged the ineffective assistance of trial counsel in not challenging and moving to suppress the identification of the petitioner by witness Marie Poteat as one of the two men who robbed her. This claim was considered and rejected by the state courts that reviewed the petitioner's claims under Pennsylvania's Post-Conviction Relief Act ("PCRA").

Both the PCRA trial and appellate courts found that the petitioner's ineffective assistance claim concerning Ms. Poteat's testimony failed because the underlying claim that the testimony could have been suppressed lacked merit. At trial, Ms. Poteat testified that, when she was robbed, she had "no problems" seeing the faces of both of the two men who robbed her, including the man she later identified as the petitioner, and that she saw them in well lighted conditions. Within fifteen minutes of the

robbery, Ms. Poteat was taken in a police car to what she described as a well-lighted side street where she was shown two men who had been detained whom she then identified as the men who robbed her. 8/5/03 N.T. at 54-55, 57-59. The petitioner's trial counsel asked the jury in both opening and closing arguments to consider the suggestive circumstances of Ms. Poteat's identification of the petitioner and discount her testimony. 8/5/03 N.T. at 43-44; 8/6/03 N.T. at 144-45. Both the PCRA trial and appellate court found no reasonable basis to move to suppress Ms. Poteat's identification of the petitioner, given that it occurred within fifteen minutes of the robbery, after Ms. Poteat had had an opportunity to observe the suspects in good lighting for several minutes.

The report and recommendation correctly finds that the PCRA courts' decision on the petitioner's claims concerning Ms. Poteat must be reviewed under the deferential standard mandated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In his objections, the petitioner cites to numerous pre-1996 decisions that apply an earlier, more independent standard of review that are no longer good law after AEDPA.

Applying the AEDPA standard here, this Court agrees with the report and recommendation that the PCRA decisions were neither an unreasonable application of United States Supreme Court precedent nor based on an unreasonable factual

determination. 28 U.S.C. § 2254(d). The PRCA courts reasonably concluded that a motion to suppress Ms. Poteat's identification would not have succeeded and that the failure to do so therefore did not fall outside the wide range of reasonable professional assistance, one of the requirements for an ineffective assistance claim under Strickland v. Washington, 466 U.S. 668, 689 (1984). Because this Court must defer under AEDPA to reasonable state court findings on the merits, the petitioner's claims three and four involving Ms. Poteat must be denied.

The remaining two claims of the petition are claims one and ten, which assert a general deprivation of due process in the petitioner's criminal proceedings and a "layered" claim of ineffectiveness of counsel based on all the other errors claimed in the petition. The report and recommendation correctly found that these two claims were too vague to be cognizable habeas claims. See Zettlemeyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991); see also U.S. v. Thomas, 221 F.3d 430, 438 (3d Cir. 2000) (holding vague and conclusory allegations may be summarily dismissed in the context of 28 U.S.C § 2255).

The petitioner's objections also raise new claims of error concerning, among other things, the accuracy of forensic evidence of gunshot residue introduced at the petitioner's trial and the alleged violation of the Sixth Amendment's Confrontation Clause by not requiring the testimony at trial of the forensic

5

analyst who performed the gunshot residue test.  Objections at 27-45.  These issues were not raised previously in any of the petitioner's state court proceedings or his habeas petition and, therefore, to the extent that it would be appropriate to consider issues raised for the first time in the petitioner's objections, they are all procedurally defaulted.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.